# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAU GLAVE,<br><br>                    Petitioner,<br><br>        v.<br><br>P. HORN, et al.,<br><br>                    Respondents. | No. 1:25-cv-01253 KES SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>Docs. 1, 8 |

Petitioner Beau Glave is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He challenges a disciplinary proceeding.  The magistrate judge performed a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 cases and found that the petition appeared to be unexhausted.  Doc. 6. The magistrate judge ordered Petitioner to "inform the Court whether each of his claims has been presented to the California Supreme Court," and show cause "why the petition should not be dismissed for failure to exhaust state remedies." *Id.* at 2.  Petitioner did not respond to the order.

On January 23, 2026, the magistrate judge issued findings and recommendations, recommended dismissing the petition as unexhausted.  Doc. 8.  On February 6, 2026, the Court re-served the findings and recommendations on Petitioner following his release from custody. *See* docket.  The findings and recommendations notified petitioner that any objections were due within 30 days of service.  Doc. 8.  Petitioner did not file objections, and the time for doing so has passed.

1

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed this case de novo. Having carefully reviewed the matter, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Having found that Petitioner is not entitled to habeas relief, the Court must consider whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, it should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In the present case, reasonable jurists would not find the determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further.

The Court **ORDERS**:

1. The findings and recommendations issued on January 23, 2026, Doc. 8, are **ADOPTED** in full.

2. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.

3. The Clerk of Court is directed to close the case.

4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   April 10, 2026

_____
UNITED STATES DISTRICT JUDGE

2